# SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

BRYAN ANTHONY REO
    Plaintiff

VS.

Case Number: **17CV000384**
Judge EUGENE A. LUCCI

NORTHCOAST WARRANTY SERVICES
    Defendant

To the following named DEFENDANT(S):
    NORTHCOAST WARRANTY SERVICES
    2711 CENTERVILLE ROAD SUITE 400
    WILMINGTON DE 19808

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

You are hereby summoned and required to do the following:

1. Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;

2. Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.

**Calculations of time are exclusive of the day of service.**

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

    Maureen G. Kelly
    Clerk, Court of Common Pleas
    Lake County, Ohio
    25 N. Park Place
    Painesville OH 44077

    By Helena Wheeler
    Deputy Clerk

March 16, 2017


FILED
2017 MAR 13 AM 11: 51
MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>Plaintiff,<br><br>v.<br><br>**NORTHCOAST WARRANTY SERVICES**<br>2711 CENTERVILLE ROAD SUITE 400<br>WILMINGTON, DE 19808<br><br>Defendant. | 17CV000384<br>**EUGENE A. LUCCI** |

<u>**PLAINTIFF'S COMPLAINT**</u>
<u>**(JURY TRIAL ENDORSED HEREON)**</u>

<u>COMPLAINT</u>

BRYAN ANTHONY REO (Plaintiff), alleges the following against NORTHCOAST WARRANTY SERVICES INC. (Defendant):

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("OCSPA"), the Ohio Telephone Solicitation Sales Act, R.C §§ 4719.01 *et seq* ("OTSSA"), and the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq* ("DPPA").

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a limited liability corporation existing by and through the laws of the State of Delaware, headquartered in Delaware, and doing business in Ohio with a registered agent in Columbus. Defendant conducts business in Ohio via the use of telephone solicitors that offer Defendant's products and services for sale to Ohio residents. Defendant also maintains a registered agent in Ohio.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227. R.C. § 2305.01; 47 U.S.C. § 227(b)(3)(a).

5. This Court enjoys personal jurisdiction over Defendant because Defendant conducts business in the state of Ohio, and Defendant directed communications to Plaintiff with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); to wit: (440) 352-6060.

8. Plaintiff's residential telephone line has been listed on the national Do Not Call Registry since before Defendant called Plaintiff's residential telephone line as detailed in this Complaint.

9. Defendant made telephone calls to Plaintiff's residential telephone from—but not limited to— telephone number: (386) 457-1894

10. Defendant initially called Plaintiff throughout 2016, despite "do not call" requests made by Plaintiff to Defendant throughout 2016.

11. Defendant called Plaintiff's residential telephone on March 1, 2017, at approximately 1:00 p.m. EST and initiated an unsolicited auto-dialed sales call which consisted of a live human employee attempting to sell the Plaintiff extended warranty insurance for his automobile. The screenshot of the Caller ID display associated with this call is attached as Exhibit 1. The Defendant claimed they were the warranty provider for Toyota and they gave Plaintiff the distinct impression that they were affiliated with Toyota on an official basis. They also told Plaintiff that his service warranty coverage was "up" and that this was the "final opportunity" he would have to get extended coverage. They claimed that "our records indicate the service policy on your vehicle is up" which directly implied they were Toyota or were affiliated with Toyota since Plaintiff, being a Toyota customer, would reasonably conclude that the only entities with records on his Toyota would be the Toyota dealership or their direct bona-fide affiliates. The caller identified themselves as selling extended warranty policies on behalf of Northcoast Warranty Services. This called occurred after, and despite, Plaintiff's previous "do not call" requests, and despite Plaintiff's phone number being registered on the national Do Not Call registry.

12. Plaintiff recorded the entirety of the call from paragraphs 11 and will be entering a certified transcript of the recording as evidence and using the recording as evidence at any trial or hearing on this matter.

13. Defendant told Plaintiff that his warranty coverage had lapsed and that he would have to renew if he wanted coverage. Plaintiff is not aware of any warranty coverage lapsing on his vehicle.

14. Defendant implied they were an affiliate of Toyota and that Toyota sold vehicles while Defendant sold the official warranty policies to cover the vehicles.

15. Defendant used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, the storing and generating of random numbers for dialing, for all telephone calls as described in this Complaint. This is evidenced by the perceptible delay after Plaintiff repeatedly said "Hello?" but before Defendant's agent came on the call and an audible mechanical sound being heard by Plaintiff at the onset of the telephone calls.

16. All of Defendant's calls to Plaintiff occurred after Plaintiff's "do not call" request, despite Plaintiff's number being on the national "do not call" registry.

17. Defendant called Plaintiff's residential telephone for the purpose of encouraging the purchase or rental of, or investment in, goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

18. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); to wit: (440) 352-6060.

4

19. Defendant regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice.

20. All telephone calls made by Defendant to Plaintiff were intrusive, disruptive, and annoying.

21. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent for Defendant to call Plaintiff's residential telephone; to the contrary Plaintiff made multiple requests in 2016 that the calls cease.

22. All telephone calls made by Defendant to Plaintiff as described in this Complaint constitute commercial advertising.

23. Plaintiff further notes that, based upon information and belief, Defendant has not obtained a solicitor surety bond with the State Attorney General's office and could be subject to forfeiture proceedings by the State Attorney General.

24. Plaintiff has never had any dealings with Defendant and Plaintiff has never provided information on his vehicle to Defendant or any third party entities.

25. Upon information and belief, Defendant, a non-governmental entity, a private for-profit corporation, obtained Plaintiff's personal information and vehicle information for the purpose of commercial solicitation. Defendant obtained the records in question sometime during 2016 and used them for telephone solicitation throughout 2016 and 2017.

26. Upon information and belief Defendant improperly obtained vehicle records relevant to Plaintiff's vehicle as they knew the make, model, year, and approximate mileage on Plaintiff's vehicle. These records are not to be obtained improperly, obtained for improper purposes, or used for improper purposes. Commercial solicitation attempts

5

are considered an improper purpose and there is no legal provision in the relevant statute for such use. Such conduct by Defendant would constitute a violation of 18 U.S.C. § 2721 and entitle Plaintiff to liquidated damages of no less than $2,500 dollars per 18 U.S.C. § 2724(b)(1) for each violation of the DPPA, with violations occurring when the offender obtains, shares, or uses information from driver's records for a prohibited purpose. Regardless of how Defendant obtained the records, even if they were potentially obtained in a proper manner, they were used [one time for each call] for an improper [commercial] purpose.

27. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

28. Plaintiff incorporates by reference Paragraphs 1-27 and 40-60 of this Complaint as if each is set forth herein.

29. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

30. Defendant placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

31. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has

informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

32. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents

33. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agent. Upon information and belief, Defendant failed to record Plaintiff's previous do not call requests.

34. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

35. Defendant violated the TCPA when Defendant called Plaintiff's residential telephone and violated provisions of the TCPA during said telephone calls.

36. Defendant negligently violated the TCPA in relation to Plaintiff.

37. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

7

38. In the alternative to the *scienter* of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

39. Defendant committed four (4) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF THE OCSPA

40. Plaintiff incorporates by reference Paragraphs 1-39 and 49-60 of this Complaint as if each is set forth herein.

41. Defendant is a "person" as defined by R.C. § 1345.01(B).

42. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

43. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

44. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

45. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA and the regulations promulgated by the Federal Communication Commissions, as well as by Defendant implying they were affiliated with Toyota and telling Plaintiff that his vehicle warranty was about to expire and that this was his "last opportunity" to get warranty coverage. Each violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the OCSPA.

46. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the OCSPA. R.C. § 1345.09(B).

47. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

48. Defendant committed at least seven (7 violations) of the OCSPA, with each TCPA, 47 CFR 64.1200(d), OTSSA, and DPPA violation being a per se violation of the OCSPA

## COUNT III
## OHIO TELEPHONE SOLICITATION SALES ACT

49. Plaintiff incorporates by reference Paragraphs 1-48 and 53-60 and of this Complaint as if each is set forth herein.

50. Defendant told Plaintiff that it would be his "final opportunity" to get an extended warranty policy and then proceeded to call back after that time, showing that it was not actually the "final opportunity" and violating the "do not call" request made by Plaintiff. Defendant violated R.C. 4719.07.

51. Upon information and belief Plaintiff alleges that Defendant does not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. 1345.02. A violation of the TSSA is also a per se violation of the OCSPA.

9

52. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendant acted and violated the TSSA in a knowing fashion.

## COUNT IV
## STATUTORY VIOLATIONS OF THE DPPA

53. Plaintiff incorporates by reference Paragraphs 1-52 of this Complaint as if each is set forth herein.

54. The DPPA is a federal statute that was enacted to protect the personal information and vehicle information of citizens from invasion of privacy and improper obtaining or use of that information by third parties for improper purposes, including but not limited to commercial solicitation.

55. Defendant knew the year, make, model, and approximate mileage of Plaintiff's vehicle without Plaintiff having informed the Defendant. Defendant also knew the names of the individuals on the title of the vehicle.

56. Upon information and belief Defendant improperly obtained vehicle registration and personal information about Plaintiff's vehicle and Plaintiff and then used this information for improper purposes. Such conduct by Defendant would constitute a violation of 18 U.S.C. § 2721 and entitle Plaintiff to liquidated damages of no less than $2,500 dollars per 18 U.S.C. § 2724(b)(1) for each violation of the DPPA.

57. Defendant violated the DPPA two (2) times, once by obtaining the information improperly and once by using it improperly during the solicitation attempt on 3-1-2017.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

58. Enter judgment against Defendant in Plaintiff's favor in an amount of money that does not exceed twenty thousand dollars ($20,000.00) for general damages, statutory damages,

treble damages, and the award of attorney's fees pursuant to R.C. 4719.15(b) [if Plaintiff retains legal counsel], and the award of mandatory court costs (as provided by R.C. 4719.15(b).

59. Grant an injunction enjoining Defendant from contacting Plaintiff in the future with unlawful telemarketing calls and an injunction preventing Defendant from using Plaintiff's driver's/vehicle records for any improper purposes in the future.

60. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

*/s/ Bryan Reo*

Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
Phone (440) 313-5893
E-Mail: breo08@jcu.edu
Plaintiff

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

Exhibit 1

BELL® Phones
BY NORTHWESTERN BELL PHONES

DIGITAL CALLER ID

CALL #

DELETE

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

### ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website at

www.lakecountyohio.gov/coc

Select DOWNLOADS

Scroll to PRE-TRIAL ORDERS

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

Maureen G. Kelly, Clerk of Courts
Revised 7/1/2013 Pretrial orders

neopost
03/17/2017
US POSTAGE $006.98⁰

FIRST-CLASS MAIL

ZIP 44077
041L11252997

9414 7266 9904 2081 9625 00

**Maureen G. Kelly**
CLERK OF COMMON PLEAS COURT
LAKE COUNTY COURTHOUSE, WEST ANNEX
25 N. PARK PLACE
PAINESVILLE, OHIO 44077-3416

17CV000384
9414 7266 9904 2081 9625 00

NORTHCOAST WARRANTY SERVICE
2711 CENTERVILLE ROAD SUITE 400
WILMINGTON, DE 19808

17CV000384